# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:10-CR-00032-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| HECTOR LOPEZ-GUTIERREZ, | |
| Defendant. | |

**THIS MATTER** is before the court on remand from the United States Court of Appeals for the Fourth Circuit. (Case No. 20-6368).

The Presentence Report for defendant was filed on September 28, 2011. (Doc. No. 182). The Probation Officer found that defendant was responsible for "8.3 kilograms of actual methamphetamine." *Id.* at 10, ¶ 24. Defendant objected to this finding when the Report was in draft form. (Doc. No. 177).

This court conducted a sentencing hearing on March 5, 2012. During the hearing, the defendant again objected to the finding that he was responsible for 8.3 kilograms of actual methamphetamine. The court overruled the objection:

> THE COURT: Okay. The objection is overruled – all of them are because starting with the quantity, the quantity is actually undisputed, but the quality of it is disputed. The government, however, has shown that the 4 kilograms directly associated with the defendant was 97 percent pure which exceeds the 1.5 kilograms necessary to invoke the level 38.
> There's other evidence in the record as cited by the probation officer in her response to the presentence report that the materials in question were ice or crystal or actual and over and above the 4 kilograms.
> And that the – well, further, the evidence is by – and all this is by the preponderance, that material came across the border from a source which provided a purer form, the over 80 percent form of the drug, and that it was coming into North Carolina in that form. And that the level where it reached the defendant,

1

> there's no evidence that there had been an opportunity to cut it or degrade it. So that objection is overruled.
> And of course, it's – the appearance of the material seized from the defendant and identified with the defendant from time to time was that of crystal meth, a pure form.

(Doc. No. 236, at 46-47). Therefore, the finding of the court was that the defendant was responsible for 8.3 kilograms of actual methamphetamine, and he was sentenced accordingly.

Defendant appealed his sentence. (Case No. 12-4188). Appellate counsel filed an *Anders* brief but raised the issue of the district court's calculation of the Guidelines range. Defendant's *pro se* brief likewise challenged the district court's calculation of the Guidelines range. Both assertions seem to have challenged the district court's finding that the drugs were actual methamphetamine, but not the quantity of drugs. The Court of Appeals held "that the district court did not clearly err in attributing actual methamphetamine to" defendant. (Doc. 241, at 3).

On December 12, 2013 defendant filed a petition and supporting memorandum pursuant to § 2255. (Doc. Nos. 245; 245-1). Among defendant's arguments, he challenged the Sentencing Guidelines regarding actual methamphetamine, (Doc. No. 245-1, at 15), but he did not challenge the district court's finding regarding the weight of the drugs. In its Order denying the petition, the district court again recited that defendant's Presentence Report found defendant responsible for 8.3 kilograms of actual methamphetamine and noted that defendant's objection to that finding had been overruled at sentencing. (Doc. No. 255, at 3).

On November 24, 2014 defendant filed his first motion for reduction of sentence pursuant to USSG Amendment 782. (Doc. No. 251). Defendant was represented on his motion by the Federal Public Defender's Office. Counsel filed a Notice of Ineligibility for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and Sentencing Guidelines Amendment 782. (Doc. No. 259). Counsel conceded that during the sentencing hearing the court found defendant responsible for 8.3

2

kilograms of actual methamphetamine and "[t]herefore, his Guidelines range is the same as it was at sentencing." *Id*. at 1. The Probation Office filed a Supplement to the Presentence Report Pursuant to Guideline Amendment 782 concurring that based upon the court's finding at sentencing that defendant was responsible for 8.3 kilograms of actual methamphetamine, defendant was not eligible for an Amendment 782 reduction. (Doc. No. 269). Accordingly, the court denied defendant's motion. (Doc. No. 271). Defendant did not appeal this Order.

On November 12, 2019 defendant filed a second motion for reduction of sentence pursuant to Amendment 782. (Doc. No. 284). In his motion defendant erroneously asserted that the sentencing court based its Guidelines calculation on 4 kilograms of actual methamphetamine. While citing to <u>some</u> of the district court's findings at sentencing, he failed to include all of the district court's findings overruling his objection to the quantity of methamphetamine actually attributable to him (8.3 kilograms), as quoted above. Based on the court's prior rulings that defendant was responsible 8.3 kilograms of actual methamphetamine,[1] the court denied defendant's second Amendment 782 motion. (Doc. No. 288).

Nonetheless, the Court of Appeals vacated and remanded this court's Order denying defendant's second Amendment 782 motion, finding that at sentencing the district court had found defendant responsible for only 4 kilograms of actual methamphetamine, and thus that he is entitled to consideration of a reduction in sentence pursuant to Amendment 782. Following remand by the Court of Appeals, the Probation Office filed a Revised Supplement to the Presentence Report Pursuant to Guideline Amendment 782 incorporating the findings of the Fourth Circuit. Based

---

[1] Until defendant's misrepresentation in his second Amendment 782 motion, it was understood by all parties and counsel, and the court, throughout the history of this case that defendant had been found responsible for 8.3 kilograms of actual methamphetamine.

3

upon those findings, defendant's Total Offense Level is now 35 and his Criminal History Category remains I, yielding an advisory Guidelines range of 168 to 210 months.

For the reasons below, and after consideration of all the § 3553(a) factors, the Court exercises its discretion not to reduce his sentence. Thus, defendant's sentence shall remain 210 months.

A district court may reduce a prison sentence if the defendant's Guidelines range "has subsequently been lowered by the Sentencing Commission" and the reduction "is consistent with applicable policy statements." 18 U.S.C. § 3582(c). "In considering whether and by how much to reduce a sentence under § 3582(c)(2), a district court follows a two-step inquiry." *United States v. Muldrow*, 844 F.3d 434, 438 (4th Cir. 2016). The court must first determine if the prisoner is eligible for a reduction and the extent of the reduction authorized. *Id.* "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range." USSG § 1B1.10 cmt. n.1(A). As the Fourth Circuit established in its decision, defendant is eligible for a reduction under § 3582(c) because Amendment 782 lowered his applicable guideline range.

"At step two, a district court considers relevant sentencing factors to determine whether, in its discretion, a reduction 'is warranted in whole or in part under the particular circumstances of the case.'" *Muldrow*, 844 F.3d at 438 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). In doing so, the Court considers the § 3553(a) factors, including the now-applicable guidelines range, and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See United States v. Martin*, 916 F.3d 389 (4th Cir. 2019).

A sentence of 210 months accurately reflects the seriousness of defendant's offense. Defendant was involved in a methamphetamine trafficking scheme that trafficked large quantities of methamphetamine from Mexico into the small communities of Burke and Catawba counties.

4

Defendant was extensively involved in the trafficking scheme for a number of years and used his car business as a cover for his drug trafficking. The Presentence Report details that defendant distributed ounces of methamphetamine every night or every other night. (Doc. No. 182, at 9, ¶ 20). Defendant possessed multiple firearms in furtherance of the methamphetamine conspiracy, including a 9mm handgun and an SKS assault rifle that he kept under his bed. *See Smith v. United States*, 508 U.S. 223, 240 (1993) (recognizing that drugs and guns are a dangerous combination). Moreover, defendant involved his son-in-law in the trafficking scheme despite knowing that his son-in-law struggled with a cocaine addiction. Defendant intentionally steered him into methamphetamine distribution and participation. Additionally, Defendant was over 30 years old when he decided to participate in the trafficking scheme—old enough to be fully aware of the legal and personal consequences of his decision. While a sentence at the bottom of the Guidelines range may have been appropriate when the applicable range was much higher, a sentence at the bottom of the now-applicable Guidelines range (168 months) would fail to address the seriousness of the offense conduct.

Furthermore, Defendant has received four disciplinary actions while in custody, including stealing in 2016, possessing an unauthorized item in February 2014 and again in October 2014, and being absent from assignment. While defendant has completed a number of educational programs and work assignments, his efforts at rehabilitation do not offset the seriousness of his offense and the disciplinary actions he has received while in BOP custody. Finally, the Court finds that a sentence at the top of the now-applicable Guidelines Range avoids unwarranted sentencing disparities among similarly situated defendants.

For these reasons, the Court exercises its discretion not to reduce defendant's sentence.

**IT IS THEREFORE ORDERED** that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, (Doc. No. 284), is **DENIED**. Defendant's sentence shall remain at 210 months with all other terms and conditions remaining the same.

**SO ORDERED**.

Signed: December 17, 2020

Kenneth D. Bell
United States District Judge